# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOE BROWN and DELORES BROWN,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. BANK, LAND HOME FINANCIAL SERVICES, INC., and RUBIN LUBIN, PLLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 20-cv-02406-SHL-tmp<br>)<br>)<br>)<br>)<br>) |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants' Motion to Dismiss, filed June 22, 2020. (ECF No. 8.) Plaintiffs filed a Response in Opposition on July 20, 2020. (ECF No. 13.) For the reasons stated below, Defendants' Motion is **DENIED**.

## BACKGROUND

The following background is taken from Plaintiffs' Complaint and, where appropriate to clarify their position, their Response in Opposition to Defendants' Motion to Dismiss, and it is assumed to be true for the purposes of this Motion. (ECF Nos. 1-2, 13.)

In 1970, Plaintiffs purchased their home at 4441 Windward Drive. (ECF No. 1-2, ¶ 7.) By 2008, the purchase money deed had been released, and Plaintiffs sought a second loan. (ECF No. 1-2, ¶ 8.) They secured a loan of $87,387.61 at CitiFinancial Services, Inc., offering a security interest in their home as collateral. (ECF No. 1-2, ¶¶ 8–10.) The loan provider also included a service charge of $2,255.34. (ECF No. 1-2, ¶ 8.) Plaintiffs allege that they were not given the form disclosures or notice of the right of rescission as required by the Truth-in-Lending Act. (ECF No. 1-2, ¶ 11.)

On April 3, 2008, the Deed of Trust for the property was filed with the Shelby County Register of Deeds—it was missing one page out of five, and Ms. Brown's signature was not notarized. (ECF No. 1-2, ¶ 12.)

Plaintiffs allege that they never received any proceeds from the loan. (ECF No. 1-2, ¶ 13.) They made payments for "a period of time" but then stopped because they believed they did not owe any debt. (ECF No. 1-2, ¶ 13.)

Sometime after the 2008 Note was filed, CitiFinancial Services transferred it to CitiFinancial Servicing, LLC. (ECF No. 1-2, ¶¶ 14, 15.) However, the note was apparently lost until 2015, when CitiMortgage, Inc., which provides loan services to CitiFinancial Servicing, filed an Affidavit of Lost Note. (ECF No. 1-2, ¶ 14.) In 2017, the debt was transferred to U.S. Bank, N.A., as Trustee for Bayview Opportunity Master Fund IVB Grantor Trust 2018-Rn6, and then to Land Home Financial Services, Inc. (ECF No. 1-2, ¶¶ 17, 19.)

Creditors have attempted to foreclose on the property twice, but Plaintiffs filed for Chapter 13 bankruptcy in order to prevent the sales. (ECF No. 1-2, ¶ 20.) In the bankruptcy proceedings, Mr. Brown signed off on schedules that outlined his financial position. Included in these schedules was the 2008 loan that Plaintiffs allegedly received with their home as collateral. Mr. Brown "signed an oath that the schedules were true and correct." (ECF No. 13 at PageID 176.) He did not raise the issue that the loan may have been invalid in those proceedings. (ECF No. 13 at PageID 176.)

After the bankruptcy, Rubin Lublin, PLLC initiated a third foreclosure sale, which is currently pending until the resolution of this action. Plaintiffs seek a declaratory judgment that the foreclosure sale is invalid. Defendants filed this Motion to Dismiss, arguing that: (1) Plaintiffs do not state a claim under the Truth in Lending Act, (2) the failure to have Ms. Brown's signature notarized does not invalidate the Deed, and (3) Plaintiffs are estopped from

claiming that the loan was invalid because they recognized the loan in earlier bankruptcy proceedings.  (ECF No. 8.)  In response, Plaintiffs do not contest Defendants' first two arguments: they agree that there is no claim under the Truth in Lending Act and that the failure to notarize Ms. Brown's signature does not invalidate the deed.  (ECF No. 13.)  However, Plaintiffs do contend that they have stated a claim as to the validity of the loan, and they contest Defendants' third argument, that estoppel applies.

## STANDARD OF REVIEW

Defendants argue that the Complaint should be dismissed for failure to state a claim because Plaintiffs are estopped from pursuing their claim regarding the validity of the loan.  Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A pleading must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and should "nudge[] [a plaintiff's] claims across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678.

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  DirecTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007).  Even so, the complaint "must contain either direct or inferential allegations respecting all the material elements [of the claim] to sustain a recovery under some viable legal theory."  First Am. Title Co. v. Devaugh, 480 F.3d 438, 444 (6th Cir. 2007).

3

Although the case lies under diversity jurisdiction, 28 U.S.C. § 1332(a), federal law controls on the question of estoppel. Am. Guarantee & Liab. Ins. Co., 278 F. Supp. 3d at 1047 (citing Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 n. 4 (6th Cir. 1982)).

## ANALYSIS

The one issue presented by Defendants' Motion is whether the Complaint fails to state a claim because of the operation of judicial estoppel. The doctrine of judicial estoppel prevents litigants from benefitting by presenting contradictory theories. See New Hampshire v. Maine, 532 U.S. 742, 750 (2001). Since the rule exists to protect the integrity of the judiciary, it is "invoked by a court at its discretion." Id. (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)). Further, there is no one test or principle that courts use to decide when to invoke judicial estoppel. Id. The New Hampshire Court mentioned several relevant but not exhaustive factors to consider, but considerations of equity are also important. Here, the New Hampshire factors were inconclusive. Thus, the Court bases its decision on other equitable considerations, concluding that judicial estoppel does not bar Plaintiffs' claim at this stage of the litigation. However, the Court will first analyze the three factors that the New Hampshire Court emphasized.

First, a party's later position must be "clearly inconsistent" with its earlier position before the doctrine will apply. Id. Here, the Parties disagree as to whether the Browns' current position, that the loan is invalid because the money was never received, is "clearly inconsistent" with their former position, listing the loan as a debt in their bankruptcy proceedings. The Parties agree that the Browns did not object to the loan being listed as one of their debts. Defendants point to Reynolds v. Commissioner, 861 F.2d 469 (6th Cir. 1988), in which a party's assertion to a bankruptcy court was considered clearly inconsistent with its position in later litigation. However, Plaintiffs argue that their position in bankruptcy was a mistaken one, in contrast to the

4

"glaring" and "unequivocally asserted" inconsistency in Reynolds, 861 F.2d at 473. While the positions are inconsistent, the Browns' action in the bankruptcy court consisted of signing an unfamiliar document, rather than making an affirmative statement or argument. Although the document is designed to list all debts, the confusion that Plaintiffs allege they had as to that debt could explain why they ultimately signed the document. In other words, at this stage of litigation, the context in which they signed the document is subject to further proof. Thus, this factor does not counsel strongly in favor of or against estoppel at this stage.

Second, the initial position taken must have been "actually successful" in litigation and accepted so that acceptance of an inconsistent second position would mean the courts had been misled. See New Hampshire, 532 U.S. at 750. The Parties also disagree as to whether Plaintiffs' prior position was actually successful. The bankruptcy court approved Plaintiffs' list of liabilities and ordered them to begin making payments. However, Plaintiffs eventually stopped making payments, and the case was dismissed. Defendants argue that the bankruptcy court's approval is sufficient to constitute judicial acceptance of Plaintiffs' original position. Plaintiffs argue that the dismissal was akin to a settlement, which does not require any judicial acceptance. However, Plaintiffs' position does not reflect the law, as "judicial acceptance means only that the first court has adopted the position," even as a "preliminary matter." Reynolds, 861 F.2d at 473. Thus, the bankruptcy court's preliminary acceptance of Plaintiffs' list of liabilities constitutes judicial acceptance. This factor is satisfied and points toward estoppel.

Finally, the party seeking to assert an inconsistent position must gain an unfair advantage in doing so, or the opposing party must be unfairly disadvantaged if the court does not apply estoppel. New Hampshire, 532 U.S. at 750. Here, Defendants argue that Plaintiffs will gain an unfair advantage. According to Defendants, Plaintiffs' original position, that there was a valid loan secured with the home, meant that the home received protection from unsecured creditors in

5

bankruptcy. Now, Plaintiffs' position is that there is no valid loan, thus protecting their home from foreclosure to pay the debt secured by a property interest in the home. These contradictory positions would mean that Plaintiffs first used the secured debt as a shield in bankruptcy, and then they claimed that it was invalid. However, this unfair advantage is mitigated by the fact that the secured debt was the primary reason for Plaintiffs to file for bankruptcy. Plaintiffs' original position may have protected their home in bankruptcy, but if, as they now argue, the loan was invalid and the money was never received, bankruptcy would never have been required in the first place. The result would be the same if Plaintiffs had maintained their current position throughout litigation: the house would be safe from creditors. Moreover, if the proof ultimately shows that Plaintiffs did receive the proceeds from the loan, Defendants will have a strong summary judgment argument. Thus, this factor counsels against estoppel.

In essence, an analysis of the New Hampshire factors does not resolve the question of whether to apply judicial estoppel. The Court then turns to another "consideration of equity": whether the prior statement was intentionally asserted. New Hampshire, 532 U.S. at 756. As the Supreme Court acknowledged in New Hampshire, "it may be appropriate to resist application of estoppel 'when a party's prior position was based on inadvertence or mistake.'" 532 U.S. at 752 (quoting John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 29 (4th Cir. 1995)). The basis of Plaintiffs' Complaint is that they never received any payments from the loan secured by their home. If Plaintiffs never received a loan, it was clearly a mistake to list the loan as a debt on their home. Further, if Plaintiffs' allegations are true, estoppel would not be in the interest of justice. Plaintiffs would be forced to give up an interest in their house in exchange for a loan they never received.

The Court, in its discretion, declines to invoke the equitable doctrine of judicial estoppel and bind Plaintiffs to what is alleged to be a prior mistake. The allegations of the Complaint,

accepted as true for the purposes of this Motion, state a claim for relief.  Thus, Defendants' Motion to dismiss is **DENIED**.

**IT IS SO ORDERED**, this 25th day of March, 2021.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE
